MERCHANT BANKING CO., Limited, v. CARGO OF STEAMSHIP AFTON.

(District Court, S. D. New York. October 8, 1903.)

1. SHIPPING—RIGHTS OF MORTGAGEE—FREIGHTS.
   The mortgagee of a ship which is left in possession of the owners, on subsequently taking possession under the mortgage, is entitled to the freights thereafter coming due, whether or not they were earned in whole or in part before he went into possession; but he is entitled to such freights subject to such engagements as the owners have previously entered into in respect to the voyage, they having the right to full control and to make any contracts necessary for the operation of the vessel so long as they remained in possession.

2. SAME—CONTRACTS MADE BY MORTGAGOR IN POSSESSION.
   The owners of a steamship, who had given a mortgage thereon, but who remained in possession, chartered her for a voyage; the charter party providing for advancements to a stated amount by the charterers to the master, the same to be deducted on final settlement of freights. By subsequent agreement, at different ports during the voyage further advances were made to the master as required by him, for which receipts signed by him were indorsed on the charter, stating that the money was drawn against freight. On reaching the port of delivery the mortgagee took possession of the vessel. Held, that it was competent for the parties to the charter to enlarge the provision for advances, and, having done so, such action was binding on the mortgagee, who, on subsequently taking possession, was entitled to recover from the charterer only the balance of the freight due after deduction of all the advances.

Butler, Notman, Joline & Mynderse (Frederick M. Brown, of counsel), for libelant.

Clark & Veeder (Charles C. Burlingham, of counsel), for claimants.

HOLT, District Judge. This is a libel against the cargo of the steamship Afton and the freight moneys arising therefrom, to recover the sum of $8,737.55. In December, 1900, the firm of McLaren & McLaren, of Glasgow, owners of the steamship Afton, executed a mortgage on the steamer to the libelant, the Merchant Banking Company, Limited, of London, to secure a running account and advances to be made thereafter. The mortgage was duly recorded at Glasgow, but the mortgagee did not go into possession of the steamer at that time, the mortgagors continuing in possession. In July, 1902, McLaren & McLaren chartered the steamer, which was then on a voyage to Shanghai, to Shewan, Tomes & Co., the claimants in this suit, for the return voyage from China to New York. The charter party provided that the steamer should have a lien on the cargo for freight; that a lump sum freight of £7,750 was to be paid on delivery of the cargo; and that sufficient cash, not exceeding £1,500, was to be advanced to the master, if required, at the loading ports, on account of freight, the same to be deducted on final settlement of freight. During the voyage, at different ports in China, the master called for and received from Shewan, Tomes & Co. the agreed sum of £1,500, and also additional advances, amounting to £1,803. 8s. 4d, the equivalent in American currency of $8,737.55. For these additional advances, receipts, signed by the master, were indorsed on the charter party, stating that the money was received as advance freight, or, in some of the receipts, as advance against freight, to be collected from the first payment of the charter money. When the steamer reached New York, the libelant, the Merchant Banking Company, Limited, took formal possession of the steamer under the mortgage, on which there was then due about £110,000, and which was then in default. Subsequently the cargo was delivered, and the freights collected by Shewan, Tomes & Co. under an arrangement which preserved to the Merchant Banking Company, Limited, its rights as mortgagee in possession for the balance of the charter freight. On the final settlement between the Merchant Banking Company, Limited, and Shewan, Tomes & Co., Shewan, Tomes & Co. retained for their own reimbursement said sum of $8,737.55, which they had advanced to the master of the steamer, and paid over the balance to the bank. This action is brought to recover the amount so retained.

The owners of a ship, who have executed a mortgage upon her, so long as the mortgagee does not go into actual possession, retain full control of the vessel; and any contracts or obligations which are necessary for the operation of the vessel bind the mortgagee, unless they substantially impair his security. If a mortgagee goes into possession, he is entitled to the freights thereafter coming due, whether or not they were earned, in whole or in part, before he went into possession; but he is entitled to such freights subject to such engagements as the owners have previously entered into in respect to the voyage. The charter party provided that the master should not be entitled to draw more than £1,500 on the voyage against freight money, but in the course of the voyage it became necessary for him to draw, and he did draw, an additional £1,803. The receipts show that the agreement

was that it was drawn against freight, the same as the £1,500 authorized by the charter. The parties to the charter had a right to modify the provision restricting the amount to be drawn by the captain to £1,500, and they did so; and the agreement which they entered into in that respect before the mortgagee went into possession was, in my opinion, binding upon the mortgagee when it took possession. Liverpool Marine Credit Co. v. Wilson, 7 Ch. App. Cas. 507; Kimball v. Farmers', etc., Bank (Super. Buff.) 11 N. Y. Supp. 730; Keith v. Burrows, 2 App. Cas. 636; Collins v. Lamport, 34 L. J. Ch. 196; Jones on Chattel Mortgages, §§ 546, 548. The cases of Brown v. Tanner, L. R. 3 Ch. App. 597 (1868), and Tanner v. Phillips, 1 Asp. Mar. Cas. 448 (1872), on which the libelant relies, were cases in which, in addition to the mortgage of the ship, a formal assignment of the freights to be earned was made, which I think distinguishes those cases in a very material respect from this case.

My conclusion is that the libel should be dismissed, with costs.